# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-274 |
| | ) | |
| PABLO RANGEL-RUBIO, JUAN RANGEL-RUBIO, HIGINIO PEREZ-BRAVO, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This case, involving, *inter alia*, allegations of conspiracies to launder money, kill a government witness, and murder-for-hire, was recently reassigned to the undersigned. *See* Docket entry dated Jan. 8, 2019. Because of a conflict arising from the related civil case, and to avoid any appearance of impropriety, I recuse.

Two federal statutes govern judicial disqualification due to conflict of interests. The first, 28 U.S.C. § 144, only applies when "a party . . . makes and files a timely and sufficient affidavit . . . ." Since no such affidavit has been filed, it does not apply here. The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987), *superseded by statute on other grounds as*

*recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1254 (11th Cir. 2018). Nevertheless, it is vital that litigants and the public see that the judicial process is fair and impartial. Accordingly, I will exercise my discretionary power to recuse in this case.

The Clerk is, therefore, **DIRECTED** to reassign this case to Magistrate Judge Benjamin W. Cheesbro for all further proceedings.

**SO ORDERED**, this  24th  day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA