IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-CR-00274-LGW-BWC |
| PABLO RANGEL-RUBIO (1), | : |
| JUAN RANGEL-RUBIO (2), and | : |
| HIGINIO PEREZ-BRAVO (3), | : |
| Defendants. | : |

## DEFENDANT HIGINIO PEREZ-BRAVO'S MOTION FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS

Defendant Higinio Perez-Bravo, by and through counsel and on behalf of all Defendants in this case, hereby moves the Court, pursuant to 28 U.S.C. §1867(f), for access to jury selection records and materials.

-1-

28 U.S.C. §1867 (a) and (d) provide that in all criminal cases a defendant may move to dismiss an indictment and to stay any further action against him, if there has been a "substantial failure to comply" with the provisions of the Jury Selection and Service Act of 1968 (the "Act"), 28 U.S.C. §1861 et. seq., in selecting the grand jury which indicted him or the petit jury to try his case, until such time as the failures have been corrected.

-2-

A defendant, however, would not typically know whether there has been a substantial failure to comply with the Act without first having the opportunity to review and inspect the relevant records maintained by the Clerk of the Court regarding the grand jury and petit jury selection procedures.

-3-

Therefore, 28 U.S.C. §1867(f) provides for the "unqualified right" of a defendant to inspect, and copy if necessary, "records or papers used by the jury commission or clerk in connection with the jury selection process" for the purpose of determining whether or not there exists the possibility of a meritorious challenge to the jury selection procedures in the district. Test v. United States, 420 U.S. 28, 30, 95 S.Ct 749, 750-751 (1975) ("Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge.  This unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'"); Government of Canal Zone v. Davis, 592 F.2d 887, 889 (5th Cir. 1979); United States v. Royal, 100 F.3d 1019, 1024-1026 (1st Cir. 1996); United States v. Orlando-Figueroa, 229 F.3d 33, 41-42 (1st Cir. 2000).

-4-

The Defendants in this case desire to inspect, and copy if necessary, records of the Clerk of the Court regarding the jury selection process, including but not limited to the following:

1) The Juror Selection Plan for the Southern District of Georgia currently in effect and at the time grand jurors were summoned in this case. This Plan is believed to be the "Jury Selection Plan of the United States District Court for the Southern District of Georgia, for the Random Selection of Grand and Petit Jurors (as amended December 12, 2016)" (hereinafter "Jury Selection Plan").

2) Any Divisional or District AO-12 or JS-12 forms created which relates to the Master Jury Wheel and the Qualified Jury Wheel that were used or will be used to summon grand or trial jurors in this case. 28 U.S.C. §1863(a) requires this report.

3) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel that was used to summon grand jurors in this case with the Jury Selection Plan's Section titled "Policy (28 U.S.C 1861, 1862)", the Jury Selection and Service Act, and constitutional requirements.

4) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Selection Plan's Section titled "The Master Jury Wheel (28 U.S.C. 1863(b)(3) & (4))".

5) The report to the Chief Judge as described in the Jury Selection Plan's Section "The Master Jury Wheel (28 U.S.C. 1863(b)(3) & (4))".

6) The documents described in the Jury Selection Plan's Section titled "Records to be Maintained by the Clerk and Made Public upon Request (28 U.S.C. 1867(f); 1868)" not referenced elsewhere in this list.  This is believed to be (1) Orders regarding refilling of the Master

>Jury Wheel, petit juries, and grand juries, (2) Written instructions to any election commission or the Secretary of State to provide lists of registered voters, (3) Affidavits from any election commission of the Secretary of State that instructions to provide a list of registered voters were followed, (4) Jury memos from the Administrative Office and any internal memos, and (5) Individual petit jury and grand jury panel information (as applies to this case).

   7) The date when grand jurors were summoned in this case.

   8) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

   9) The calculation of proportionality for persons summoned to be considered as grand jurors in this case as described in the Jury Selection Plan's Section titled "Grand Juries".

We request the following data that does not include any personal information or information that could be used to identify any individual. The data supplied should be electronically accessible and closest in time to the date grand jurors were summoned in this case. The data should include the randomly created Juror Number but should not include Name, Day and Month of Birth, or Address.

   10) The Divisional and District Master Jury Wheels data as described in the Jury Selection Plan's Section titled "The Master Jury Wheel (28 U.S.C. 1863(b)(3) & (4))" in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

   11) The Divisional and District Qualified Jury Wheels data as described in the Jury Selection Plan's Section titled "Qualified Jury Wheel; Drawing of and Assignment to Jury Panels (28 U.S.C. 1863(b)(7) & (8); 1866" in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

12) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Selection Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

13) The Juror Number only (and not Name or Address) and status for persons whose juror summons and qualification form were not returned as described in the Jury Selection Plan's Section titled "Drawing of Names from the Master Jury Wheel; Completion of Juror Qualification Forms (28 U.S.C. 1864)".

14) The Juror Number only (and not Name or Address) for persons selected as potential grand jurors in this case.

The following data that does contain personal information. The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.

15) The sources of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Selection Plan's Section titled "Method and Manner of Random Selection (28 U.S.C. 1863(b)(2)-(4)". The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Address.

16) The juror qualification and/or summons forms for persons summoned to potentially become grand or trial jurors in this case.

17) The disposition of each summoned grand or trial juror in this case as to excusal, deferment, disqualification or selection.

Accordingly, the Defendants in this case respectfully request that the Court enter an order directing the Clerk to provide to counsel for the Defendants and any experts or consultants retained by the Defendants access to the above listed records and materials and the right to copy said materials as necessary.

This 13th day of March, 2020.

Respectfully submitted,

s/*John R. Martin*
John R. Martin, Ga. Bar No. 473325
Martin Brothers, P.C.
1099 St. Louis Pl
Atlanta, GA 30306
404-433-7446
Email: jack@martinbroslaw.com
Learned Counsel for Defendant Perez Bravo

s/*Bobby Phillips*
Robert P. Phillips, Ga. Bar No. 576700
420 W. Broughton Street
Savannah, GA  31401
912-232-0081
Fax: 877-232-9070
Email: BPLaw@msn.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 13, 2020, I electronically filed an exact copy of the foregoing **Motion for Access to Jury Selection Records and Materials** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 13th day of March, 2020.

<u>*s/John R. Martin*</u>
John R. Martin