FILED
Scott L. Poff, Clerk
United States District Court

*By MGarcia at 9:26 am, Mar 23, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

PABLO RANGEL-RUBIO,
JUAN RANGEL-RUBIO, and
HIGINIO PEREZ-BRAVO

        Defendants.

CASE NO.: 418-cr-274

## **O R D E R**

This matter is before the Court on the parties' Joint Response to Court Order, wherein the parties propose amending the scheduling order in this case. Doc. 263. After careful consideration, and for good cause shown, the Court hereby **ORDERS** that the deadline to file pretrial motions in this case as to all named Defendants is April 20, 2020. Counsel for each Defendant shall file a separate motion for each relief sought and shall not file a consolidated motion. The Government's deadline to respond to any motion filed by a Defendant motions is May 20, 2020. To the extent any Defendant wishes to file a reply brief, he must do so on or before June 3, 2020.

Pretrial motions received by the Clerk outside the required period shall not be filed without leave of Court. Untimely motions will not be considered absent a showing of good cause for failure to file within the time set by the Court. Assuming that a liberal discovery policy will be followed by the United States Attorney in this case, many if not all of the routine discovery motions filed by a defendant may be satisfied without the need for intervention by the Court.

Each party shall file a Notice to Counsel Response Forms on or before June 17, 2020. In the form, the party must identify all unresolved, pending motions, and state, for each motion, whether oral argument is requested and whether an evidentiary hearing is necessary. The Court will assume that any pending motion not identified on the Notice to Counsel Response Form has been resolved by agreement between the parties, and the Court will deny the motion as moot. After receiving the parties' Notice to Counsel Response Forms, if necessary, the Court will schedule a motions hearing in this case.

The Court previously declared this case unusual and complex under 18 U.S.C. § 3161(h)(7)(B) by Order dated February 4, 2019, due to the complex and unusual factual allegations, and the voluminous foreign-language discovery involved in the case. Docs. 62. The Court also noted that Defendants were charged with capital-sentence-eligible offenses. Id. The Government has now filed its Notice stating that it will not seek the death penalty for any of the Defendants. Doc. 253. Although the Government is no longer seeking the death penalty in this case, the case, nonetheless, remains unusual and complex under 18 U.S.C. § 3161(h)(7)(B) due to the complex nature of the allegations and charges, as well as the voluminous foreign-language discovery in the case. The Court conducted a telephonic conference with counsel for the parties on March 19, 2020, at which counsel for all parties agreed that this case should continue to be designated as complex. Therefore, all time from December 20, 2018 (the date of the initial motion requesting to designate this case as complex) until further order of the Court shall be excluded from computation under the Speedy Trial Act.

Counselors are instructed to file all requests to charge and proposed voir dire questions at least seven (7) days before jury selection. **If a Defendant is in custody at the time of trial, it is**

**the responsibility of counsel to ensure that Defendant has appropriate attire to wear in the presence of the jury.**

**SO ORDERED**, this 23rd day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA