FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 4:14 pm, Dec 07, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

CASE NO.: 4:18-cr-274

v.

PABLO RANGEL-RUBIO,
JUAN RANGEL-RUBIO, and
HIGINIO PEREZ-BRAVO,

       Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Higinio Perez-Bravo's "Preliminary/Protective Motion to Dismiss Indictment and to Stay Any Further Actions in this Case Until There Has Been Substantial Compliance with the Jury Selection and Service Act of 1968," doc. 352, ("JSSA Motion to Dismiss") is currently before the Court.  Defendant Perez-Bravo represents that the JSSA Motion to Dismiss is filed on behalf of all Defendants in this case.  Id.  The Government filed a Response in opposition to the JSSA Motion to Dismiss.  Doc. 376.  For the reasons that follow, I **RECOMMEND** that the Court **DENY** the JSSA Motion to Dismiss.

Defendants filed a motion seeking access to certain jury selection records in this case. Doc. 274.  While that motion was pending, Defendants filed the instant JSSA Motion to Dismiss, arguing the Court should "allow the defense time to perfect any jury challenge motion available once the necessary records and materials have been provided and a reasonable time allowed to investigate and consider those records."  Doc. 352 at 3.  In the JSSA Motion to Dismiss, Defendants invoked 28 U.S.C. §§ 1867(a) and (d) and argued that those provisions allow a defendant to move to dismiss an indictment and to stay any further action against him if

there has been a "substantial failure to comply" with the provisions of JSSA.  Id. at 1.  While Defendants caption their Motion as one to "dismiss" the indictment and "stay" any further actions, Defendants do not expressly request dismissal or stay or make any legal argument in support of those forms of relief.  Instead, Defendants appear to request additional time to prepare pretrial motions based on the requested jury records.  Defendants focus on the then-approaching October 21, 2020 deadline for filing pretrial motions in the case.  Id.

Soon after filing their JSSA Motion to Dismiss, Defendants filed a motion to extend the deadline for filing pretrial motions due to, among other things, the COVID-19 pandemic.  Doc. 357.  The Government opposed that request.  Doc. 370.  The Court granted Defendants' request for an extension over the Government's opposition, extending the deadline for the submission of pretrial motions to January 16, 2021.  Doc. 375.

The Government then filed its Response in opposition to Defendants' JSSA Motion to Dismiss.  Doc. 382.  In that Response, the Government argues Defendants fail to demonstrate any failure to comply with the JSSA, better yet a substantial one.  Id. at 1.  The Government emphasizes Defendants appear to merely seek more time to obtain records related to jury selection.  Id.  The Government notes that because of the extension granted, Defendants would have until January 16, 2021 to file pretrial motions, including any motion related to jury selection.  Id.

On November 24, 2020, the Court ruled on Defendants' motion seeking access to certain jury selection records, granting in part and denying in part Defendants' requests.  Doc. 384.  As a result, Defendants now have access to many of the jury selection records requested in their earlier motion.  Further, Defendants have an extended period of time to prepare and file motions related to those records.  As explained above, Defendants' JSSA Motion to Dismiss was based

on Defendants' requests for access to certain jury selection records and time to prepare pretrial motions based on those records.   Defendants now have both.   Accordingly, I **RECOMMEND** the Court **DENY** Defendants' JSSA Motion to Dismiss, doc. 352.

## CONCLUSION

For the foregoing reasons, I **RECOMMNEND** the Court **DENY** the JSSA Motion to Dismiss. doc. 352.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.   Objections shall be specific and in writing.   Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.   Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.   28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).   To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.   Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.   A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**REPORTED and RECOMMENDED**, this 7th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA