IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-274 |
| PABLO RANGEL-RUBIO; JUAN RANGEL-RUBIO; and HIGINIO PEREZ-BRAVO | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Joint Motion to Dismiss Counts Six, Seven, and Eight, doc. 359. For the reasons stated below, I **RECOMMEND** the Court **DENY** the Motion.

### BACKGROUND

Defendants in this case have been charged with committing various crimes, including conspiracy to harbor illegal aliens, to commit money laundering, and to kill a witness. Doc. 2. Defendants were indicted on December 7, 2018, and counsel was appointed to represent Defendants on December 14, 2018. Docs. 2, 20, 21, 22, 25. On December 20, 2018, the Government filed a motion to designate the case complex, which the Court granted on February 4, 2019. Docs. 31, 62. On February 28, 2019, the Court appointed counsel learned in the law applicable to capital cases for each Defendant. Docs. 91, 92, 93. The Government considered pursuing the death penalty in this case but ultimately decided not to after completing its internal review procedure. Doc. 253. Nonetheless, the case remains designated as complex. Doc. 290.

On October 21, 2020, Defendants filed a Joint Motion seeking summary dismissal of certain counts of the indictment. Doc. 359. In this Motion, Defendants argue the facts alleged in

the indictment and other extrinsic evidence show the Government cannot prove these counts of the indictment. Id. The parties elected not to present oral argument regarding this Motion at the motions hearing held on June 17, 2021 and June 25, 2021.

## DISCUSSION

In their Motion to Dismiss Counts Six, Seven, and Eight, Defendants argue their guilt is not a legal possibility based on the facts alleged in the indictment and other undisputed facts known by the parties at this time. Doc. 359 at 17. Specifically, Defendants state the Government cannot prove: the Equal Employment Opportunity Commission ("EEOC") proceedings were an "official proceeding" under 18 U.S.C. §§ 1512 and 1513 at the time of the murder; Defendants knew Mr. Montoya went to the EEOC; or any quid-pro-quo between Pablo Rangel-Rubio and Juan Rangel-Rubio. Doc. 359. As the basis for their Motion, Defendants cite Federal Rule of Criminal Procedure 12(b). Id. at 7–9, 17. The Government argues this an impermissible motion under the Federal Rules of Criminal Procedure and Eleventh Circuit precedent. Doc. 383.

The Eleventh Circuit has made clear that "[t]here is no summary judgment procedure in criminal cases." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("[T]here is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."). When reviewing the sufficiency of an indictment, the Court should only consider the language of the indictment on its face without assessing the sufficiency of the evidence in the case. Critzer, 951 F.2d at 307. An indictment is sufficient if it mirrors the language of the statute and sets forth the essential elements of the crime. Id. at 308. This is because an indictment should "inform the defendant of the charge against him and . . . enable him to plead double jeopardy in any future

prosecution for the same offense." Id. at 307 (quoting United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985)).

The indictment in this case satisfies these minimal requirements. Doc. 2. Counts Six, Seven, and Eight mirror the language of the relevant statutes and outline the elements of these offenses. The indictment adequately informs the Defendants of the charges against them. Defendants do not appear to dispute the indictment mirrors the language of the statutes at issue. Instead, Defendants argue the Court should assess those facts discussed in the indictment and other undisputed facts discovered during the proceedings to conclude the Government cannot prove these counts.[1] Doing so, however, would effectively constitute a summary-judgment-like procedure, in direct violation of black-letter Eleventh Circuit precedent. For this reason, I **RECOMMEND** the Court **DENY** Defendants' Motion to Dismiss Counts Six, Seven, and Eight.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DENY** Defendants' Joint Motion to Dismiss Counts Six, Seven, and Eight, doc. 359.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

---

[1] Defendants' argument oncerning whether the EEOC proceedings were an "official proceeding" under 18 U.S.C. §§ 1512 and 1513 appears, at first glance, to be a facial attack against the legal sufficiency allegations in the Indictment, but even that argument turns on unique facts beyond the allegations in the Indictment. Defendants contend "[i]t is clear at the time [the victim] was killed, the EEOC was, at most, in the preliminary stages of an informal investigation . . . ." Doc. 359 at 19. Defendants' argument is focused largely on how far the EEOC proceedings had progressed—a specific factual issue beyond the face of the Indictment—not whether the EEOC proceedings could categorically ever constitute an official proceeding" under 18 U.S.C. §§ 1512 and 1513. Even if Defendants had raised a categorical challenge to the legal sufficiency of the "official proceedings" allegations in the case, such an argument would almost certainly fail under the precedent cited here, and the fact that the Indictment identifies the specific proceeding at issue and tracks the relevant statute.

3

Judge failed to address an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of October, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA