# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 4:18-cr-274 |
| | * | |
| v. | * | |
| | * | |
| PABLO RANGEL-RUBIO, JUAN RANGEL-RUBIO, and HIGINIO PEREZ-BRAVO, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are Defendants' Objections to the Magistrate Judge's Report and Recommendation dated October 22, 2021. Dkt. No. 511. In the Report, the Magistrate Judge recommended the Court deny Defendants' Joint Motion to Dismiss Counts Six, Seven, and Eight. Dkt. No. 502 at 1. The Magistrate Judge concluded the Indictment adequately set forth the charges in these Counts, and any further inquiry into the sufficiency of the evidence would effectively result in an impermissible summary judgment-like procedure. Id. at 3.

In their Objections, Defendants argue the Magistrate Judge failed to address cases cited by Defendants that support their argument the Court can and should dismiss Counts Six, Seven, and

Eight because the Government will not be able to prove those Counts at trial. Dkt. No. 511 at 1-2. Although the Magistrate Judge did not expressly address those cases, there was no need to do so, as the cases are not controlling and do not support granting Defendants' Motion to Dismiss.

Defendants cite various cases from the Sixth and Seventh Circuits. Id. at 2. Even if those cases were controlling here, and they are not, the cases would not require a different result. Defendants cite United States v. Levin, 973 F.2d 463 (6th Cir. 1992), but the Eleventh Circuit has expressly rejected the reasoning proffered by the Sixth Circuit. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("Although the Sixth Circuit has found that Federal Rule of Criminal Procedure 12 provides a basis for granting a pre-trial motion to dismiss a criminal indictment, see Levin, 973 F.2d at 469, we along with three other circuits, reject this view.").

Defendants also cite United States v. Castor, 558 F.2d 379, 387 (7th Cir. 1977), but Castor does not support their position. In Castor, the court stated an indictment need not include "subordinate evidentiary facts," and an indictment should not be dismissed if it sets forth the elements of the offense, unless there is "no conceivable evidence" the prosecution could produce to substantiate the allegations. Id. Here, the Indictment sets forth the elements of the offenses charged, and Defendants have

2

not shown there is "no conceivable evidence" to support the allegations contained in the Indictment. Additionally, to the extent Castor could be read to permit an assessment of the prosecution's evidence in the context of a motion to dismiss, that view is inconsistent with controlling decisions from the Eleventh Circuit Court of Appeals prohibiting summary judgment-like procedures.

Defendants cite United States v. Superior Growers Supply, 982 F.2d 173 (6th Cir. 1992), but in that case, the court determined dismissal of the indictment was proper because the Government had failed to allege an underlying crime, an essential element of aiding and abetting. Id. at 178. Here, the indictment is not being attacked for missing an essential element in the crime, so Superior Growers would not apply even if it were accepted by the Eleventh Circuit. See United States v. Votrobek, No. 4:11-CR-022-RLV-WEJ, 2012 WL 6929268, at *6 (N.D. Ga. May 8, 2012), report and recommendation adopted, No. 4:11-CR-022-RLV-1-5, 2013 WL 298037 (N.D. Ga. Jan. 23, 2013), aff'd in part, 847 F.3d 1335 (11th Cir. 2017), and aff'd in part sub nom. United States v. Chapman, 692 F. App'x 583 (11th Cir. 2017) (distinguishing Superior Growers and denying a motion to dismiss under controlling 11th Circuit authority). Defendants reliance on United States v. Jones, 542 F.2d 661 (6th Cir. 1976) is similarly misplaced, given that case concerned a purely legal

3

AO 72A
(Rev. 8/82)

challenge to the sufficiency of the allegations in the indictment—namely, whether the statute at issue even applied to the conduct giving rise to the charges.  Id. at 665.

Defendants also cite three United States Supreme Court cases, but these cases do not support Defendants' position. Dkt. No. 511 at 2 (citing United States v. Sampson, 371 U.S. 75 (1962); United States v. Enmons, 410 U.S. 396 (1973); United States v. Covington, 395 U.S. 57 (1969)).  All three of the cases cited by Defendants concern facial legal challenge to the sufficiency of the allegations set forth in the respective indictments.[1]  Defendants do not raise a facial challenge to the sufficiency of the allegations set forth in the Indictment, so the cases cited are inapposite.  Rather, Defendants ask the Court to dismiss these charges because they contend the victim's EEOC complaints had not progressed far enough at the time the victim was killed to constitute an "official proceeding."  As the Magistrate Judge correctly concluded in the Report, Defendants' challenge is a factual challenge.  Defendants argue the Government will not be able to prove at trial that the victim's EEOC complaint in this case was an "official

---

[1] Covington also considered the trial court's dismissal of the charges based on the defendant's affirmative defense related to self-incrimination.  395 U.S. at 60.  It is not clear whether Defendants rely on that portion of the opinion, but any such reliance would be misplaced.  Defendants' Motion to Dismiss is not based on any affirmative defense, or absolute bar to the charges in the Indictment, and certainly not a defense concerning self-incrimination.

4

proceeding." That is an inquiry that would require the Court to consider whether the Government could offer evidence at trial to prove an "official proceeding," which would be a summary judgment like procedure. However, Eleventh Circuit precedent is clear: "There is no summary judgment procedure in criminal cases." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992).

Defendants also argue the Magistrate Judge improperly ignored their substantive arguments that Counts Six, Seven, and Eight are legally insufficient. Dkt. No. 511 at 2. In making this argument, Defendants attempt to repackage their factual challenge described above as a facial, legal challenge to the sufficiency of the allegations in the Indictment. The Magistrate Judge did address Defendants' substantive arguments, and concluded the Indictment met the minimum legal requirements for setting forth charges in a criminal indictment, given that Counts Six, Seven, and Eight track the language of the relevant statutes, outline the elements of the offenses, and inform Defendants of the charges against them. Dkt. No. 502 at 3. The Magistrate Judge also expressly addressed Defendants' argument concerning the Indictment adequately referencing an "official proceeding," and rejected Defendants' argument. Id. at n.1.

Upon review, the Court agrees with and adopts the Magistrate Judge's analysis and conclusions, particularly in

5

light of the binding Eleventh Circuit precedent cited in the Report.  An indictment's sufficiency is reviewed based on the language of the indictment on its face.  <u>Critzer</u>, 951 F.2d at 307.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Defendants Objections.  The Court **DENIES** Defendants' Joint Motion to Dismiss Counts Six, Seven, and Eight.  Dkt. 359.

**SO ORDERED**, this 30th day of November, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA