# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | CASE NO.: 4:18-cr-274 |
| | * | |
| v. | * | |
| | * | |
| PABLO RANGEL-RUBIO, JUAN RANGEL-RUBIO, and HIGINIO PEREZ-BRAVO, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are the Government Objections to the Magistrate Judge's October 27, 2021 Report and Recommendation, dkt. no. 510, and Defendant Perez-Bravo's Objections to the same, dkt. no. 515, and the Government's Motion to Sever Defendant, dkt. no. 508.  The Report, Objections, and Motion to Sever all deal with related issues, and, therefore, are addressed together.

In the Report, the Magistrate Judge recommended the Court deny Defendant Perez-Bravo's Challenge to the Admissibility of his Statement and grant Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio's Motion to Exclude.  Dkt. No. 505 at 1–2.  The Magistrate Judge concluded Defendant Perez-Bravo's statement was

made voluntarily and his waiver of Miranda rights was knowing and intelligent, and, therefore, should not be excluded on those grounds.  Id. at 12, 18.  Additionally, the Magistrate Judge concluded Defendant Perez-Bravo's statement incriminated his co-Defendants and, as a result, use of the statement at trial would create a problem under Bruton v. United States, 391 U.S. 123 (1968).  The Government submitted an edited version of Defendant Perez-Bravo's statement, but the Magistrate Judge concluded the edits did not resolve the Bruton issue.  Accordingly, the Magistrate Judge recommended that the Government be precluded from using the Defendant Perez-Bravo's statement at a joint trial of Defendants and recommended the Court deny as moot the request for severance by Defendants Juan and Pablo Rangel-Rubio.

In Defendant Perez-Bravo's Objections to the Report, he asserts the Magistrate Judge ignored expert testimony proffered by Defendants about whether Defendant Perez-Bravo fully understood his constitutional rights.  Defendant Perez-Bravo summarizes the experts' testimony at the hearing on Defendant's Motion.  Dkt. No. 515 at 5-8.  Defendant Perez-Bravo argues the Government failed to carry its burden since it did not offer its own expert witnesses.  Dkt. No. 515 at 11-12.

Defendant Perez-Bravo's Objections lack merit.  The Magistrate Judge discussed the experts' testimony at length in his Report and gave specific reasons why he found their

2

testimony was not reliable or helpful.  Dkt. No. 505 at 6-7; 16-18.  Though the Government did not provide their own rebuttal experts, they did cross-examine the expert witnesses, which revealed flaws and weaknesses in the foundations of the experts' opinions and demonstrated the lack of reliability and helpfulness.  Dkt. No. 505 at 17 n.3, 18.

The Magistrate Judge conducted a thorough analysis of all pertinent lay and expert witness testimony offered at the hearing on this matter, all documentary evidence presented, and arguments of counsel.  The Magistrate Judge correctly applied the law to the facts presented.  Therefore, after an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's proposed findings of fact, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** the Defendant Perez-Bravo's Objections.  Considering the totality of the circumstances, Defendant Perez-Bravo's statement was made voluntarily and his waiver of Miranda rights was knowing and intelligent.  Defendant Perez-Bravo's request to exclude his statement on these grounds is **DENIED**.

The Government's Objections to the Report are limited to asking the Court to consider less drastic alternatives than exclusion.  The Government objects to the Report to the extent it can be read to entirely preclude use of Defendant Perez-

3

Bravo's statement at trial. Dkt. No. 510 at 4. The Government does not challenge the Magistrate Judge's conclusion that the proposed redactions and alterations to Defendant Perez-Bravo's statement do not cure the Bruton issues. Rather, the Government states the Court should sever Defendant Perez-Bravo and try his case separately. The Government notes their Objections would be a nullity if the Court grants their separate pending Motion to Sever. Id. at 1. Thus, the Court addresses the Motion to Sever.

In its Motion to Sever Defendant, the Government asks the Court to sever Defendant Perez-Bravo from his co-Defendants and to conduct his trial separately. Dkt. No. 508. In seeking severance, the moving party must show, first, a joint trial will result in prejudice and, second, "severance is the proper remedy for that prejudice." See Fed. R. Crim. Proc. 14; United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2006). The Government states no clear standard exists for determining whether to grant a motion to sever brought on behalf of the prosecution. However, the Government points to Zafiro v. United States, 506 U.S. 534, 537-38 (1993), and argues the case supports severance here. In that case, the Supreme Court stated severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or

4

prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

The Government demonstrates it would suffer prejudice in a consolidated trial where it could not introduce Defendant Perez-Bravo's statement. The Government contends the statement is a critical piece of evidence which is the cornerstone of the case against Defendant Perez-Bravo. Dkt. No. 508 at 4. Having admissions directly from Defendant Perez-Bravo may carry significant weight on the matter of his and the other Defendants' culpability. The exclusion of that statement would eliminate an important detail from the jury's deliberation. See United States v. Lopez, 649 F.3d 1222, 1234-35 (11th Cir. 2011) (stating severance should be granted where a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence") (quoting Zafiro, 506 U.S. at 539). For the same reasons, the Government has demonstrated a consolidated trial would interfere with the jury making a reliable judgment about guilt or innocence.

The Government also successfully shows severance is the proper remedy. The Magistrate Judge determined the proposed redaction was insufficient to cure the Bruton issues and the inclusion of such would have compromised the Confrontation rights of Defendants Pablo and Juan Rangel-Rubio even if limiting instructions were given. Dkt. No. 505 at 22. Total

5

exclusion of the statement is not favorable under controlling precedent.  See Richardson v. Marsh, 481 U.S. 200, 210 (1987) ("Confessions are more than merely desirable; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law.").  Defendants have not argued for any other remedy, and the Court is not aware of any other remedy that would adequately resolve the issue.

Defendant Perez-Bravo opposes the Government's Motion on two grounds.[1]  Dkt. No. 513.  First, Defendant Perez-Bravo argues the motion is untimely under Local Rule 12.1.  Id. at 1.  Local Rule 12.1 states all pretrial motions in criminal cases should be filed within 10 days of arraignment.  However, Local Rule 12.6 notes "[f]or good cause shown, the Court may grant an exception to any requirements of this rule."  The Government brought its Motion to Sever promptly after the Magistrate Judge issued his Report rejecting the Government's proposed Bruton statement.  The circumstances presented here constitute good cause for considering the Government's Motion at this stage of the proceedings.

---

[1]   The Government argues Defendants have no standing to challenge severance, and cites several cases in support.  Dkt. No. 508 at 7-8.  Defendants did not respond to the Government's standing argument.  However, the Court need not determine if Defendant Perez-Bravo has standing because, even assuming he does have standing, he fails to show any discernable prejudice arising from a separate trial.

AO 72A
(Rev. 8/82)

Second, Defendant Perez-Bravo argues severance and separate trials would prejudice his defense because he and his counsel have prepared a joint defense with his co-Defendants by dividing up key issues among co-counsel.[2]  Dkt. No. 513 at 2.  This argument is unpersuasive.  A trial date has not yet been set and there is ample time for Defendants' counsel to prepare for the Defendants' respective trials.  Defendant Perez-Bravo further argues he has relied on certain evidence and consultations with experts, which have been developed during the pretrial stages of this case, as part of his defense.  He argues this cuts against severance.  However, Defendant Perez-Bravo fails to explain why he cannot rely on that information and evidence at a separate trial rather than a joint trial.  Ultimately, Defendant Perez-Bravo's claims of prejudice are limited to two unsupported and generalized sentences in his brief.  Defendant Perez-Bravo has failed to show any specific or even discernible prejudice he would suffer by being tried separately from his co-Defendants.

Finally, the Court notes Perez-Bravo's co-Defendants, Juan and Pablo Rangel-Rubio, expressly asked for Defendant Perez-Bravo be tried separately as an alternative to the exclusion of the custodial statement, implicitly recognizing separate trials would not cause any significant prejudice to Defendants.  Dkt.

---

[2]   Notably, Defendant Perez-Bravo does not dispute a joint trial of all Defendants would prejudice the Government.

7

No. 355 at 1.  Defendant Perez-Bravo acknowledged the Bruton issue might require severance if not resolved through redactions, but he deferred to his co-Defendants on the severance.  Dkt. No. 493 at 1.  These positions suggest there is no potential prejudice to any of these Defendants in trying Defendant Perez-Bravo separately, and, to the extent there is any prejudice, it is easily resolved at this stage of the proceedings.  Accordingly, the Government's Motion to Sever Defendant Perez-Bravo will be granted, which, in turn, renders the Government's Objections a nullity.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant Perez-Bravo's Objections, and **OVERRULES as moot** the Government's Objections. The Court **DENIES** Defendant Perez-Bravo's Challenge to the Admissibility of his Statement and **GRANTS** Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio's Motion to Exclude, in that Defendant Perez-Bravo's statement cannot be used by the Government at a joint trial of all Defendants.  Dkt. Nos. 355, 403.  However, the Court **GRANTS** the Government's Motion to Sever Defendant Perez-Bravo, and will conduct Defendant Perez-Bravo's trial separate from his co-Defendants Juan and Pablo Rangel-Rubio.  Dkt. No. 508.  Because the Court will conduct Defendant

8

Perez-Bravo's trial separately, the Government is not prohibited from using Defendant Perez-Bravo's statement at trial due to any Bruton issue.  The Government's Objections are **OVERRULED as moot**. This case has been declared unusual and complex pursuant to 18 U.S.C. § 3161 (h)(7)(B). The fact that it will now proceed as two trials only strengthens that conclusion. For the reasons stated in prior orders, augmented by the complexities detailed in this one, the Court excludes all time from December 20, 2018 until further Order of the Court from computation under the Speedy Trial Act.

**SO ORDERED**, this  14th  day of  December , 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)