# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | *  CASE NO.: 4:18-cr-274 |
| | * |
| v. | * |
| | * |
| PABLO RANGEL-RUBIO, JUAN RANGEL-RUBIO, and HIGINIO PEREZ-BRAVO, | ** |
| | * |
| | * |
| Defendants. | * |

**O R D E R**

Before the Court are Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio's Objections to the Magistrate Judge's Report and Recommendation dated October 29, 2021.  Dkt. No. 518.  In the Report, the Magistrate Judge recommended the Court deny Defendants' Motion for a Franks Hearing and deny Defendants' Motion to Suppress.  Dkt. No. 506 at 1.  The two Motions addressed in the Report concern a search warrant sought, obtained, and executed by Detective Roberto Rodriguez on August 20, 2017.

Regarding Defendants' Motion for a Franks hearing, the Magistrate Judge concluded Defendants did not make the substantial preliminary showing of false statements or omissions

in the warrant affidavit necessary for a Franks hearing, and, thus, recommended the Court deny the Motion. Id. at 9. Alternatively, the Magistrate Judge concluded any misstatements or omissions that were made, were not made deliberately or with reckless indifference to the truth. Id. at 17.

Regarding Defendants' Motion to Suppress, the Magistrate Judge concluded the warrant was supported by probable cause considering the totality of the circumstances. Id. at 23. The Magistrate Judge also concluded that even if the warrant was not supported by probable cause, the good-faith exception would apply, and the evidence seized would not be suppressed for this additional reason. Id. at 25. For those reasons, the Magistrate Judge recommended Defendants' Motion to Suppress also be denied.

In their Objections to the Report, Defendants assert the Magistrate Judge made several errors in his factual findings and legal conclusions. Dkt. No. 518 at 1-7. The Court addresses Defendants' Objections to the Magistrate Judge's Recommendations on the two Motions separately.

I.  **Objections to Recommendations on Defendants' Motion for a Franks Hearing**

In their Objections, Defendants do not cite any new facts or sources of law, nor do Defendants contend the Magistrate Judge's Report contain any errors of law. Defendants, instead,

2

disagree with each step of the Magistrate Judge's analysis and his ultimate conclusions. The Court will address each contention in turn.

### A. Objections to Finding Defendants Did Not Meet Their Burden for a Franks Hearing

Defendants first contend the Court already found Defendants made the preliminary showing necessary for a Franks hearing. Dkt. No. 518 at 13. Defendants are mistaken. The Magistrate Judge made no findings on whether Defendants satisfied the initial burden for a Franks hearing prior to issuing the Report. Indeed, the Magistrate Judge's questions to the Government during the June 25, 2021 hearing demonstrate he was still considering whether Defendants were entitled to a Franks hearing. See Dkt. No. 466 at 191 ("The Court: Would that statement alone compared with the transcript not get the defendants at least at the point of obtaining a Franks hearing on the issue?"). The Magistrate Judge also repeatedly confirmed in the Report that he had reserved ruling on the matter Dkt. No. 506 at 17, 17 n.7. Therefore, the Court will review the Magistrate Judge's conclusions that Defendants did not make the preliminary showing necessary for a Franks hearing.

#### 1. Objections to Finding No Material Misrepresentations or Omissions Were Included in the Warrant Affidavit

Defendants assert the misrepresentations and omissions in their original motion and supplemental briefing were conceded by

3

the Government. Dkt. No. 518 at 13-15. The Magistrate Judge considered each of Defendants' alleged misrepresentations and omissions from their original motion, point by point.[1] Dkt. No. 506 at 9-15. While Defendants object to those findings, the arguments they present were already submitted to the Magistrate Judge, who considered and expressly rejected them. Id. at 15. Upon review, the Court agrees and adopts the Magistrate Judge's treatment and rejection of those alleged misrepresentations and omissions from the original motion.

Additionally, Defendants object to the Magistrate Judge's failure to consider certain additional omissions identified in their supplemental briefing. Dkt. No. 518 at 6; see Dkt. No. 492. Defendants are correct that the additional omissions were not addressed in the Magistrate Judge's Report. The Court will address those purported omissions here. Defendants cite seven additional omissions which were not included in the original Motion. Dkt. No. 518 at 14-15. Six of those purported omissions concern information related to the letter obtained by

---

[1] While otherwise accurate about most of the analysis regarding the misrepresentations and the omissions, the Magistrate Judge misstated that the Defendants did not show the firearm was never returned. Dkt. No. 506 at 15. During the Motions hearing on June 25, 2021, the parties stipulated the gun was still in the custody of the Savannah Police Department. Dkt. No. 487-14. However, this stipulation does not materially change the findings in the Report as the relevant query is if Detective Rodriguez knew or was deliberately indifferent to the whereabouts of the gun at the time, and such omission was material to the issue of probable cause. The Magistrate Judge correctly found it was not material.

4

Detective Rodriguez bearing Mr. Reyes' name.  Specifically, Defendants argue Detective Rodriguez improperly failed to explain in his affidavit that Mr. Reyes denied submitting the letter with his name on it, did not sign the letter, had never seen the letter, could not read the letter, claimed the letter was written and signed by Mr. Montoya, and disputed one particular allegation contained in the letter.  See id at 14 (omissions identified as a, b, c, d, e, and g).  However, as the Magistrate Judge explained in his Report, the actual authorship of the letter was not material because Mr. Reyes confirmed the accuracy of the contents of the letter and effectively adopted it as his own during Detective Rodriguez's interview.  Dkt. No. 506 at 11.  The very minor inconsistencies between Mr. Reyes' interview statements and the contents of the letter were ultimately immaterial to any probable cause determination.  Accordingly, these six purported omissions were not material such that they had to be included in Detective Rodriguez's affidavit.

Defendants also contend Mr. Reyes could not have adopted the written statement when, in his summary of the letter's contents during Mr. Reyes' interview, Detective Rodriguez omitted a "significant portion" of the letter.  Dkt. No. 518 at 20, 20 n.21.  The omitted portion describes how Defendant Pablo Rangel-Rubio purportedly shortchanged the workers in his employ

5

and retaliated against them when they complained of the pay disparity.  Id. at 20 n.21.  This portion stated the exploitation would happen to other workers and they would be charged $1,500 for papers.  Id.  However, during the interview, Mr. Reyes independently informed Detective Rodriguez of these details.  See Dkt. No. 382-3 at 13 (Mr. Reyes describing to Detective Rodriguez how he was only given a portion of his pay, how he was forced to use another person's papers to work, and how other people were affected by this scheme as well).  While Mr. Reyes equivocated on some nuances of the exploitation (such as the $1,500) payment, Mr. Reyes largely agreed with the description of the conduct contained in the letter.  Thus, the omitted portion of the letter is not material to a finding of probable cause.

    The seventh purported omission concerns Detective Rodriguez's failure to state in the affidavit he was interpreting what Mr. Reyes said, rather than conveying word-for-word what Mr. Reyes said in his interview.  Dkt. No. 518 at 15.  Defendants have pointed to no authority showing that Detective Rodriguez was required to explain these circumstances in his affidavit.  Furthermore, this particular omission is not material, given the totality of the circumstances.

    While the Fourth Amendment requires a truthful factual showing in search warrant affidavits, "this does not mean

6

truthful in the sense that every fact recited in the warrant is necessarily correct" but in the sense "the information put forth is believed or appropriately accepted by the affiant as true." Franks v. Delaware, 438 U.S. 154, 164-65 (1978). Here, the affidavit does not suggest Detective Rodriguez was conveying verbatim statements made by Mr. Reyes. The portion dealing with Mr. Reyes' interview is only one paragraph. At no point in that paragraph does Detective Rodriguez use quotation marks or any other punctuation suggesting a verbatim transcription. Detective Rodriguez repeatedly states Mr. Reyes "advised" him of certain facts, and Detective Rodriguez uses syntax that suggests he is summarizing or paraphrasing Mr. Reyes' statements. For example, Detective Rodriguez states, "Your Affiant asked Joel if he was surprised [Mr. Montoya] was dead. Joel advised he was not." Dkt. No. 356-1 at 7. Any reader would understand "he was not" is not a verbatim quote from Mr. Reyes, and, therefore would understand Detective Rodriguez was offering his own narrative description of the contents of his interview of Mr. Reyes. There is one instance where Detective Rodriguez explains Mr. Reyes "stated" a fact, but as explained in the Magistrate Judge's Report, this portion of the affidavit is an accurate summary of Mr. Reyes' statements during the interview. Dkt. No. 506 at 12. There was no need for Detective Rodriguez to further clarify the fact that he was summarizing or paraphrasing Mr.

7

Reyes' words.  While it is correct Detective Reyes did not state in his affidavit he was summarizing and paraphrasing Mr. Reyes' statement, this omission was not material, and Detective Rodriguez was not required to include this statement in the affidavit.

> **2. Objections to the Magistrate Judge's Conclusion that Probable Cause Would Still Be Present if the Misrepresentations Were Excluded and the Omissions Included**

Defendants object to the Magistrate Judge's conclusion that probable cause would still exist even if the purported omissions were included in the affidavit and the misrepresentations excised.  Dkt. No. 518 at 24.  Defendants offer no new argument or authority.  Indeed, Defendants appear to have reproduced a portion of an earlier brief into their objections, with only minimal edits.  <u>Compare</u> Dkt. No. 492 at 18–21 <u>with</u> Dkt. No. 518 at 24–27.  As a result, Defendants fail to address the basis for the Magistrate Judge's Recommendation on this issue. Regardless, the Court has conducted an independent and de novo review and has considered the Magistrate Judge's analysis set forth in the Report, as well as all of Defendants' arguments. The Court agrees with and adopts the Magistrate Judge's analysis and conclusions on this issue.  Even when the complained-of misrepresentations are removed and the purported omissions are included (including all omissions described above), the warrant

in question would still be supported by probable cause. Detective Rodriguez's affidavit sets forth several facts that are unchallenged which provided ample support for a finding of probable cause. Accordingly, Defendants' objections to this portion of the Magistrate Judge's Recommendation are without merit.

### B. Objections to Finding Any Misstatements or Omissions Were Not Deliberate or Reckless

Although the Magistrate Judge initially reserved ruling on whether a Franks hearing was necessary, at the June 25, 2021 hearing the Magistrate Judge allowed the parties to offer evidence about whether Detective Rodriguez acted deliberately or recklessly—a matter that would have been addressed at any permitted Franks hearing. Dkt. No. 466 at 76-193. Thus, the record is sufficient to assess whether Detective Rodriguez acted deliberately or recklessly indifferent in making any purported material misrepresentation or omission. Based on this record, the Magistrate Judge concluded Defendants failed to establish by a preponderance of the evidence that Detective Rodriguez acted deliberately or recklessly indifferent to the truth.

In their Objections, Defendants challenge the Magistrate Judge's conclusions. Defendants argue Detective Rodriguez's inconsistent handling of inculpatory and exculpatory evidence indicates a deliberate or reckless disregard for the truth.

9

Dkt. No. 518 at 15.  As an example, Defendants point to Detective Rodriguez's failure to disclose in his affidavit that Mr. Reyes stated he had never seen Pablo or any of his family with a firearm.[2]  Id. at 15–16.  Defendants argue this fact was unquestionably exculpatory, and Detective Rodriguez's failure to include it in the affidavit shows he acted deliberately or recklessly.  Defendants also point to Detective Rodriguez's failure to clarify ambiguous statements from Mr. Reyes and failure to state he was interpreting those statements.  Id. at 16–17.  None of these circumstances demonstrate deliberateness or recklessness by Detective Rodriguez.

"For an omission, deliberateness must also refer to something akin to bad faith on the part of the affiant—not merely that the affiant knew some information and did not include it" while an affirmative misrepresentation must be a "deliberate falsehood-not any action done intentionally." United States v. Whyte, 928 F.3d 1317, 1334 (11th Cir. 2019) (punctuation omitted).  Defendants have failed to show any bad faith on the part of Detective Rodriguez.  Furthermore, even if these circumstances might suggest some degree of recklessness by

---

[2]  The interview transcript shows this fact was, at most, of minimal exculpatory value.  Mr. Reyes equivocates on the statement, saying "I do not know [if] they had [guns] in their houses."  Dkt. No. 382-3 at 18.  Additionally, at the time he prepared his affidavit, Detective Rodriguez knew Pablo's nephew had been arrested and charged with possession of a firearm.  See Dkt. 356-1 at 7.

10

Detective Rodriguez, they fall far short of establishing that fact by a preponderance of the evidence.

Additionally, Detective Rodriguez testified at the hearing, explaining his reasons for including and excluding certain facts in his affidavit. Dkt. No. 466 at 135, 141-42. He testified he did not leave out or change any information to mislead Magistrate Judge Sexton. Id. at 141, 144. Detective Rodriguez also testified to the limited sleep, food, and conflicting homicide investigations which likely contributed to the omissions and misstatements in the affidavit. Id. at 88, 121. The Magistrate Judge found his testimony credible. Dkt. No. 506 at 18. Aside from conclusory statements, Defendants have not pointed to anything that undermines or negates Detective Rodriguez's credibility. Therefore, after conducting an independent and de novo review, the Court agrees with and adopts the Magistrate Judge's analysis and conclusions regarding whether Detective Rodriguez acted deliberately or in reckless disregard for the truth. Even if the Magistrate Judge had granted their Motion for a Franks hearing, Defendants could not show by a preponderance of the evidence any misrepresentations or omissions were the product of deliberate action or reckless disregard for the truth. Therefore, Defendants' Objections on this portion of the Magistrate Judge's Recommendation are **OVERRULED**.

AO 72A
(Rev. 8/82)

**II.  Objections to the Recommendation on Defendants' Motion to Suppress**

Defendants also object to the Magistrate Judge's findings and conclusions on the Motion to Suppress.[3]  Dkt. No. 518 at 27.  Again, Defendants appear to have cut-and-pasted their arguments from a previous brief into their Objections, with only minimal edits.  Compare Dkt. No. 354 at 7-18 with Dkt. No. 518 at 27-38.  Defendants do not allege new facts or provide new law for this Court to consider.  Defendants do not point to any incorrect conclusion of law or fact by the Magistrate Judge, and, in fact, make only cursory references to the Magistrate Judge's Recommendation on the Motion to Suppress.  Nonetheless, the Court has conducted an independent and de novo review of the record and the Magistrate Judge's Report, the Court agrees with adopts the Magistrate Judge's conclusions and proposed findings of facts, and agrees that considering the totality of the circumstances, the search warrant affidavit established probable cause.  Furthermore, even if probable cause was lacking, the good-faith exception would apply here.

Therefore, after an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's

---

[3]  Defendants state they object to "the magistrate's finding that the search warrant affidavit, as written, fails to establish probable cause." See Dkt. No. 518 at 27.  This appears to be a typo.  The Magistrate Judge found the opposite, finding the search warrant affidavit, as written, established probable cause.  Dkt. No. 506 at 25.

12

Report and Recommendation, **ADOPTS** the Magistrate Judge's proposed findings of fact, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio's Objections.  The Court **DENIES** Defendants' Motion for a Franks Hearing and **DENIES** Defendants' Motion to Suppress.  Dkt. 354, 356.

    **SO ORDERED**, this 15th day of December, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)